Douglas F. **Cushnie**,
Plaintiff/Appellant,

v.

**Bank of Guam**,
Defendant/Appellee.
Appeal No. 94-003
Civil Action No. 93-0244
November 30, 1994

Submitted on Briefs September 30, 1994[1]

Counsel for appellant: Douglas F. Cushnie, Saipan.

Counsel for appellee: Richard W. Pierce, Saipan (White, Pierce, Mailman & Nutting).

BEFORE: DELA CRUZ, Chief Justice, and VILLAGOMEZ and ATALIG, Justices.

ATALIG, Justice:

The plaintiff/appellant Douglas F. Cushnie ("Cushnie") appeals from an order granting defendant/appellee Bank of Guam's ("bank"), cross-motion for summary judgment. Because Cushnie does not appeal the basis of the summary judgment motion but, rather, raises an issue on appeal not addressed below with respect to that motion, we affirm the grant of summary judgment.

---

[1] The panel unanimously agrees that this case is appropriate for submission without oral argument. *See* Com. R. App. P. 34(a).

## ISSUE PRESENTED AND STANDARD OF REVIEW

The issue raised by Cushnie on appeal is whether the bank, in obtaining money due on a note secured by a mortgage, exercised a non-judicial remedy in a legitimate manner.[1]

■ We review a grant of a motion for summary judgment de novo. *Rios v. Marianas Pub. Land Corp.*, 3 N.M.I. 512, 518 (1993). We examine whether there are genuine issues of material fact and, if not, whether the trial court correctly applied the substantive law. *Id.*

## FACTUAL AND PROCEDURAL BACKGROUND

On February 10, 1993, Cushnie filed a complaint against the bank alleging that it mistakenly received funds upon the sale of mortgaged property, funds purportedly belonging to Cushnie. Alternatively, Cushnie alleged that prior litigation between the bank and Cushnie in the U.S. District Court for the Northern Mariana Islands rendered any claim of the bank as to the secured note barred, unenforceable and uncollectible. *See* Complaint, *Cushnie v. Bank of Guam*, Civ. No. 93-0244 (N.M.I. Super. Ct. filed Feb. 10, 1993).

In a motion for partial summary judgment, Cushnie contended that a promissory note for $25,000 was unenforceable because of the prior litigation and, alternatively, that the bank converted funds belonging to him.[2] On November 17, 1993, the trial court granted from the bench the bank's cross motion for summary judgment. *See* Transcript of Proceedings at 17-18. On December 10, 1994, the bank moved for sanctions against Cushnie under Com. R. Civ. P. 11. The court's bench ruling on the cross motions for summary judgment was reduced to a written decision on December 13, 1994.

The bank's motion for Com. R. Civ. P. 11 sanctions was heard on January 11, 1994. At the hearing Cushnie argued that the issue before the court was not "whether

there was a claim in existence . . . [but] whether the *method of collecting* [the] money was proper in the instant situation." Transcript of Proceedings at 10-11 (emphasis added). Cushnie appealed from the court's summary judgment ruling on January 11, 1994. The trial court subsequently denied the bank's motion for sanctions on May 31, 1994.

## ANALYSIS

Cushnie contends that the bank wrongfully executed a non-judicial remedy to obtain funds purportedly due him from the sale of property mortgaged to the bank to secure the $25,000 promissory note he gave to the bank. This issue is being raised for the first time on appeal; as such, we decline to entertain it.

In his complaint, Cushnie alleged that the bank improperly received the funds because of either a mistake or the bank's failure to raise a compulsory counterclaim as to the promissory note in previous federal court litigation between Cushnie and the bank, rendering any claim of the bank barred, unenforceable and uncollectible. In his motion for summary judgment, Cushnie similarly argued that the bank's claims were unenforceable. Instead of arguing mistake, however, he argued conversion on the part of the bank.[3]

The summary judgment issue determined by the trial court was whether previous federal court litigation in which compulsory counterclaims were implicated barred the exercise of non-judicial enforcement. It held that it did not. *See* Decision on Motion for Summary Judgment (Dec. 19, 1993). Cushnie does not take issue with this ruling. Rather, on appeal he argues that the non-judicial remedy exercised by the bank was somehow wrongful. See *supra* note 1 and accompanying text. This issue was never before the trial court with respect to Cushnie's claims against the bank.[4]

■ Where an issue is raised for the first time on appeal we may consider it only if: "(1) it is one of law not relying on any factual record; (2) a new theory or

---

[1] In contrast, the issue upon which the trial court granted summary judgment was whether the bank's claim on a 1986 promissory note was barred due to the failure to raise the claim in previous federal court litigation. On appeal, Cushnie abandons the issue he initially raised in his appellate brief as to whether collection by the bank was barred, unenforceable and/or uncollectible. *See and compare* Appellant's Brief at 1 *with* Appellant's Reply Brief at 1 n.1.

[2] *See* Plaintiff's Motion for Partial Summary Judgment, *Cushnie v. Bank of Guam*, Civ. No. 93-0244 (N.M.I. Super. Ct. filed Oct. 15, 1993).

[3] In his complaint, Cushnie did not raise the issue of whether the bank's non-judicial remedy constituted conversion, nor did he amend the complaint to include that issue, pursuant to Com. R. Civ. P. 15.

[4] It was only in his response to the bank's motion for Com. R. Civ. P. 11 sanctions that Cushnie raised the issue of the wrongfulness of the non-judicial remedy exercised by the bank. At the motion hearing on January 11, 1994, the bank noted that Cushnie raised that issue for the first time. *See* Transcript of Proceedings at 14-15.

issue has arisen because of a change in law while the appeal is pending; or (3) plain error occurred and an injustice might otherwise result." *Hwang Jae Corp. v. Marianas Trading and Dev. Corp.*, 4 N.M.I. 142, 145 (1994) (citing *Santos v. Matsunaga*, 3 N.M.I. 221, 231 (1992)).

■ We are not convinced that any of these exceptions apply to this matter. First, the manner in which the bank exercised its non-judicial remedy depends upon the factual record and is not purely a question of law. Second, Cushnie alleges no new theory or issue arising from a change in the law during the pendency of this appeal. Finally, we are not persuaded that the trial court committed plain error in granting summary judgment in favor of the bank.

## CONCLUSION

Based on the foregoing, we hereby **AFFIRM** the trial court's grant of summary judgment in favor of the defendant/appellee, the Bank of Guam.